IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JIBREEL FRAZIER,**<br>　　　Plaintiff, | :<br>:<br>: |
| v. | :    **CIVIL ACTION NO. 23-CV-1097** |
| | : |
| **EXPERIAN INFORMATION**<br>**SOLUTIONS,**<br>　　　Defendant. | :<br>:<br>: |

## MEMORANDUM

Plaintiff Jibreel Frazier initiated this civil action against Experian Information Solutions ("Experian"), alleging violations of his rights under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). He also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Frazier leave to proceed *in forma pauperis* and dismiss the Amended Complaint[1] without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Frazier will be given an opportunity to cure the deficiencies identified by the Court by filing an amended complaint.

**I.　FACTUAL ALLEGATIONS**

Frazier contends that Experian infringed on his right to privacy by furnishing information without his consent. Specifically, Frazier alleges that on October 7, 2022, "Defendant furnished my consumer report without my written instructions, consent or permission to Volkswagen Credit INC." According to Frazier, "15 USC 1681(b) provides that a consumer reporting agency cannot furnish a consumer report without the written instructions of the consumer, therefore

---

[1] Frazier initially submitted a Complaint, along with an application to proceed *in forma pauperis*. (ECF Nos. 1 & 2). Before the Court had an opportunity to screen the Complaint pursuant to 28 U.S.C. § 1915, Frazier filed an Amended Complaint. (ECF No. 4). An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See, e.g.*, *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading." (internal citations omitted)). Accordingly, the Amended Complaint is the governing pleading in this case.

Experian Information Solutions furnished my consumer report without my consent."  Attached to the Amended Complaint is an exhibit (Exhibit A) dated October 7, 2022, which reflects that Frazier applied for credit from VW Credit, Inc. "in connection with the sale or lease of a motor vehicle or motorcycle."  The exhibit reflects that the application was denied and that the denial determination "was based in whole or in part on information obtained in a report" prepared by Experian.  Frazier contends that he suffered emotional distress and mental anguish as a result of Experian's actions.  He seeks removal of "all requested information" and monetary damages.

**II.    STANDARD OF REVIEW**

Because Frazier appears to be incapable of paying the filing fees to commence this action, the Court will grant him leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of the *pro se* Complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (citation omitted).  An unrepresented litigant "'cannot

flout procedural rules—they must abide by the same rules that apply to all other litigants.'" *Id.* (citation omitted).

### III.    DISCUSSION

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))).  In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

The FCRA regulates the use of consumer reports and prohibits using or obtaining a consumer report for an impermissible purpose.  *See* 15 U.S.C. § 1681b(f); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 334-35 (2016) (citing 15 U.S.C. §§ 1681a(d)(1)(A)-(C)).  In other words, "Congress prohibited credit agencies from releasing consumer credit reports 'unless the release occurs for one of the permissible purposes set forth in 15 U.S.C. § 1681b(a).'" *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 191 (3d Cir. 2009) (quoting *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 725 (7th Cir. 2004)).  The Act allows for disclosure in situations such as, when the consumer applies for credit, employment, insurance, or a license.  *Id.* (internal citations omitted); *see also* 15 U.S.C. § 1681b(a)(3)(A)-(F).  Section 1681b provides for "limited situations in

which a consumer credit agency may furnish a consumer report even though the consumer has not initiated or authorized the release." *Gelman*, 583 F.3d at 191 (citing *Cole*, 389 F.3d at 725).

Liberally construing the allegations of the Complaint, it appears that Frazier seeks to present claims based on Experian's alleged noncompliance with 15 U.S.C. § 1681b, the section that regulates the disclosure of consumer information for a permissible purpose. He claims that Experian violated his rights under the FCRA by furnishing his consumer report on October 7, 2022 to "Volkswagen Credit Inc." without his "written instructions, consent or permission."

Section 1681b provides that a consumer reporting agency may furnish consumer reports under limited circumstances, one of which is "in accordance with the written instructions of the consumer to whom it relates." *See* 15 U.S.C. § 1681b(a)(2). Nonetheless, Section 1681b does not require a consumer's written consent for the issuance of a credit report in all instances. The Act sets forth circumstances where no such consent is needed, such as in response to court orders, for employment purposes, for insurance matters involving the consumer, or, as is relevant here, when a consumer applies for credit. *See* 15 U.S.C. §§ 1681b(a)(1), (3); *Huertas v. Citigroup, Inc.*, 639 F. App'x 798, 801 (3d Cir. 2016 ) (*per curiam*) ("The plain text of § 1681b(a)(3)(A) authorizes the access of credit reports when a consumer applies for credit[.]"). Thus, the mere fact that Experian did not obtain Frazier's written consent prior to furnishing his consumer report does not constitute a violation of Frazier's rights under the FCRA, so long as Experian had a permissible purpose for issuing the report.

The October 7, 2022 "Notice of Action Taken and Statement of Reasons Statement of Credit Denial, Termination or Change" attached as Exhibit A to Frazier's Amended Complaint makes clear that Experian furnished a credit report to VW Credit, Inc. in connection with Frazier's application for credit from VW Credit, Inc. This is a permissible purpose for issuing

4

the report. *See Gelman*, 583 F.3d at 191 (noting that Congress allowed for disclosure by a consumer reporting agency of a consumer credit report when the consumer, *inter alia*, applies for credit) (citing *Cole*, 389 F.3d at 725-26)). Accordingly, there was no violation under the FCRA in connection with Experian's issuance of Frazier's consumer report.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Frazier's Amended Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Frazier will not be granted leave to amend his claims because any attempt at amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____
**WENDY BEETLESTONE, J.**